IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ISAAC GRIER,                )
                            )
    Plaintiff,              )
                            )
v.                          )   CV 110-030
                            )
ROGER DUNNAWAY, Superior Court )
Judge, et al.,              )
                            )
    Defendants.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Before moving on to the factual allegations at issue in this case, the Court will briefly recount the history of Plaintiff's pleadings and clarify which of Plaintiff's various complaints will be screened. Two days after Plaintiff filed his original complaint, he filed his first

---

[1]The events giving rise to this case occurred in McDuffie County, Georgia.

amended complaint. (Doc. nos. 1, 3.) Plaintiff later filed a motion to amend his amended complaint. (Doc. no. 6.) The Court granted Plaintiff's motion to amend, but was unable to screen the complaint because he had improperly attempted to amend his pleadings in a piecemeal manner. (Doc. no. 13, p. 3.) The Court therefore directed Plaintiff to file another amended complaint setting forth all of his allegations in a single document.[2] (Id. at 3-4.) Following that Order, Plaintiff filed a change of address notification and, in the same document, again attempted to amend his complaint in a piecemeal manner (this document would be Plaintiff's second amended complaint). (Doc. no. 14.) Plaintiff then submitted a third amended complaint (doc. no. 18) and sought an extension of time in which to file it. (Doc. no. 16.) The Court granted his request for an extension, held that his third amended complaint would be accepted as timely filed, and made clear to Plaintiff that his third amended complaint was the document that would be screened. (Doc. no. 19.)

After submitting his third amended complaint, Plaintiff filed a document entitled "(Claim) 'Medical Neglection.'" (Doc. no. 20.) While the nature of this document is not entirely clear, it appears to be another amended complaint in which Plaintiff attempts to amend his pleadings in a piecemeal manner by reasserting allegations from previous filings that he did not include in his third amended complaint. However, as Plaintiff has already amended his complaint several times, he may no longer amend his pleadings as a matter of right. Fed. R. Civ. P. 15(a). Moreover, the Court has repeatedly warned Plaintiff against attempting to amend his pleadings in a piecemeal manner, and has advised him that his third

---

[2]The Court's Order directing Plaintiff to amend was returned as undeliverable. (Doc. no. 15.)

amended complaint is the document that the Court would screen. (See doc. no. 13, p. 3; doc. no. 19, p. 2.) Therefore, to the extent that Plaintiff's "Medical Neglection" document is another amended complaint, it was improperly filed and will not receive consideration.[3] In accordance with the Court's previous ruling (see doc. no. 19), the Court will consider only the allegations in Plaintiff's third amended complaint. Accordingly, it is this document that the Court will now screen.

I. **BACKGROUND**

Plaintiff names the following Defendants in his third amended complaint: (1) Roger Dunnaway, Superior Court Judge; (2) FNU Hinesworth, Superior Court Judge; (3) Dennis Sanders, District Attorney; (4) FNU Grenade, District Attorney; (5) Larry Adaway, Investigator; and (6) Anne Carrol, Public Defender.[4] (Doc. no. 18, pp. 1-2.) Plaintiff contends that his indictment for armed robbery was untimely because it occurred more than

---

[3]This document also contains a request for an appointment of counsel. Plaintiff argues that the Court should appoint counsel to represent him because he is unable to "study[] his case properly" or "prepar[e] or stand[] trial without assistance." (Doc. no. 20, p. 4.) However, as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). Furthermore, though Plaintiff may have difficulty with the demands of prosecuting his case, it is evident based on his filings with the Court to date that he can communicate with the Court. Accordingly, Plaintiff is not entitled to an appointment of counsel at this time.

[4]In his previous pleadings, Plaintiff has named five other Defendants that are not included in his third amended complaint. The Court addresses Plaintiff's claims against these Defendants below. See infra Part II.A.

3

90 days after his arrest. (Id. at 3.) Plaintiff also asserts that several other charges were improperly brought against him following his initial indictment, and that he was improperly indicted by numerous grand juries instead of one. (Id.) Plaintiff alleges that Defendant Carrol, his appointed attorney, failed to prevent these occurrences, resulting in a violation of his right to effective assistance of counsel. (Id. at 3-4.) In addition, Plaintiff asserts that his trial was unfair because he was isolated from the co-defendants in his criminal case during his pre-trial incarceration, and because of the purported bias against him on the part of Defendant Adaway, who allegedly said in a televised interview that he did not care what had happened in the case, he only wanted to arrest Plaintiff. (Id. at 5.)

## II. DISCUSSION

### A. Defendants Not Named in the Third Amended Complaint

In the Court's Order directing Plaintiff to amend his first amended complaint, he was warned that his amended complaint would supersede his previously filed pleadings. (Doc. no. 13, p. 4) (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)).) Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the third amended complaint, the Court finds that Plaintiff no longer names the following Defendants as parties to the lawsuit: (1) Dr. James Lemley; (2) Captain Chris Durden; (3) Logan Marshall, Sheriff of McDuffie County; (4) Georgia Diagnostic and Classification State Prison; and (5) the Medical Staff.[5] As Plaintiff fails to

---

[5]In addition, the Court notes that the allegations against these Defendants from Plaintiff's previous pleadings relate to medical treatment received during incarceration; as such, they do not relate to the claims set forth in his third amended complaint and would

4

name in the caption or describe in the body of the amended complaint any actions taken by these Defendants, they should be dismissed from this lawsuit.

**B.	Failure to State a Claim Against Defendants Dunnaway and Hinesworth**

Plaintiff's third amended complaint fails to state a claim against Defendants Dunnaway and Hinesworth because, as judges, they are entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Defendants Dunnaway and Hinesworth were dealing with Plaintiff in a judicial capacity and whether the judges' conduct clearly fell outside their subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Defendants Dunnaway and Hinesworth acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether their actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations concern actions taken by the judges that relate to the criminal case against Plaintiff. Thus, their actions qualify as activity of a type usually performed by judges. Accordingly, Defendants Dunnaway and Hinesworth are entitled to absolute immunity, and

---

have to be brought in a separate case. See Fed. R. Civ. P. 20(a); Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000).

Plaintiff's allegations against them fail to state a claim for relief.

### C. Failure to State a Claim Against Defendants Sanders and Grenade

Plaintiff fails to state a claim against Defendants Sanders and Grenade, as they are also entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes initiation and pursuit of criminal prosecution." Id. The allegations against Defendants Sanders and Grenade only pertain to their traditional duties as counsel for the State in Plaintiff's criminal case, and therefore, they are entitled to absolute immunity. Accordingly, Plaintiff's allegations against Defendants Sanders and Grenade fail to state a claim for relief.

### D. Failure to State a Claim Against Defendant Carrol

In addition, the Court finds that Plaintiff fails to state a claim against Defendant Carrol because she did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette

v. Ernst, CV 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff during the pretrial stage of his criminal case, Defendant Carrol was simply acting in accordance with her role as counsel to a defendant in a criminal proceeding and thus is not a "person acting under color of state law." Therefore, Plaintiff's allegations against Defendant Carrol fail to state a claim for relief.

### E. Failure to State a Claim Against Defendant Adaway

Finally, Plaintiff fails state a § 1983 claim against Defendant Adaway because he does not allege any "causal connection" between the Defendant Adaway and the alleged constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

Here, the only constitutional violations alleged in Plaintiff's complaint relate to improprieties committed by the judges and prosecutors in the administration of the criminal case against Plaintiff, along with his attorney's failure to prevent those improprieties. However, the only allegation against Defendant Adaway is that he said during a televised interview that "he didn't care what happened in the matter of the case he only want[ed] [Plaintiff] badly . . . ." (Doc. no. 1, p. 5.) Because Plaintiff fails to explain how this alleged

7

action by Defendant Adaway independently constitutes a violation right secured by federal law or relates to the constitutional violations alleged, Plaintiff's complaint fails to state a claim for relief against Defendant Adaway. Cf. Rehberg v. Paulk, 611 F.3d 828, 851 (11th Cir. 2010) (noting that neither the Supreme Court nor the Eleventh Circuit has held that retaliatory investigation, standing alone, can give rise to a constitutional tort).

III. CONCLUSION

In sum, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of December, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE